Good morning. Christopher King on behalf of the appellants in this case, who are the removing parties. And today we're appealing a remand order under CAFA, Class Action Fairness Act of 2005. We are under an issue of statutory interpretation. And what the statute says is that a class action may be removed in accordance with section 1446, except that, and this is a little term that courts have not addressed, except that such actions may be removed by any defendant without the consent of all defendants. And it's our position that we are not only any defendant, but we are eight of the nine defendants, the first defendants who were named to the class action. But that section you've just cited, counsel, of course, is a specific exception to a prior rule in 1446, very deliberately overturning the unanimous consent rule in the removal statute. Well, and it's our position that it does a little bit more than the rule of unanimity, which doesn't come from 1446. It comes from the Martin case in 1900. But it – Can I ask you this? I'm sure you're familiar with the First Bank case. And as you know, in that case, Chief Judge Estabrook of the Seventh Circuit commented in construing this very statute that the contention that, and I'm going to quote it briefly here, defendant in section 1453B includes a counterclaim defendant, even though the word defendant in section 1441 and 1446 does not, would make a hash of chapter 89. What's your response to Judge Easterbrook's analysis of the statute? Well, with all due respect to Judge Easterbrook – He speaks highly of you. Oh, thank you. He is a great judge, but I think that that is overstating it a bit, and for a couple reasons. First of all, the issue he was dealing with in First Bank, of course, was a plaintiff slash counterdefendant. And I don't necessarily disagree with the approach he took, which is to look at 70-plus years of case law, going back to Shamrock, that says that if you're a plaintiff, you can't get in the club, you can't remove, you can't transform into a defendant. But that's not our issue here, because we started out this case as a defendant. So I think it's distinguishable on that basis. But also, this notion that we have to superimpose the same meaning on terms of the same terms in a statute, the Supreme Court rejected that in the Duke Energy case, and has addressed that many times in other cases as well. And what the court did in the Duke Energy case, it dealt with the Clean Air Act, and it said, look, context counts. And if the context of the word that you're using doesn't support the interpretation you're giving it, then we get rid of this presumption. It's not a rule, a canon of statutory interpretation, it's a presumption. And it's an easily rebuttable presumption. And I'll also point out to you, as well as to Judge Easterbrook, that if you look at even in Section 1441, the word defendant doesn't have a consistent meaning. Take, for example, 1441B, which it doesn't say the defendant or defendants. It comes from the form defendant rule. And what it says is not that, you know, hey, the defendant or the defendant is a meaningful issue in the form defendant rule. It says that any party properly joined as a defendant, which brings up the question of misjoinder, and it brings up the question of realignment. And so we're no longer talking about the plaintiff's defendants. We're talking about the people who actually are defendants, which is very different than this whole original defendant rule that we have. And when we're talking about TAFA, now we're talking about any defendant, which we believe is a significant departure from Section 1441A. And that is the, you know, really the kind of textual approach that we've taken in this appeal, because we believe that all of the arguments that have been posed against giving the TAFA what we think is its plain meaning are easily, or not easily, but they're refuted. The Duke Energy case, we believe, takes care of this notion that the word defendant has to have a consistent meaning when we can look throughout Chapter 89 and see that it hasn't been given a consistent meaning. The Brewer case can take care of this notion that any time you're dealing with a removal statute, that it has to have a presumption against removability. We've seen, for example, in 1441B, which is the, or I'm sorry, 1441D, which is the Foreign Sovereign Immunity Act, that that presumption doesn't apply. And the Ninth Circuit has said that we take a broad view to the ability of foreign states to remove as third parties. And so TAFA is a later statutory development that departs from those old rules as well. And so we believe that the plain language should control. We think that courts have made a mistake in immediately jumping into canons of interpretation without really dealing with the plain language that we've been given. Do you think the language, any defendant, is just unambiguous, we really don't need to get into canons of construction or interpretation? Yes, that's our position. And we were, not only any defendants, but if you wanted to get into the original defendants, we were the first defendants to the class action, and certainly TAFA deals with removal of class action. So I know I've got some time left, but if there are no other questions, I'll save the rest of my time for recall. Thank you. Thank you. May it please the Court. King P. Blood for cross-complaint in Appley, Jesus Contreras. The district court reached the right decisions for the right reasons. It's consistent with existing Ninth Circuit authority. Although this is an issue of first impression in the Ninth Circuit, it is a modest step in a direction that the Ninth Circuit has already been pushing the law anyway. It is consistent with the plain reading of the statute, and it is certainly consistent with the legal meaning within which Congress has. You would have to agree, wouldn't you, though, counsel, that your opposing counsel is correct. If you look at this statute in isolation, without reference to the other removal sections, the term any defendants would seem to include any defendants in any branch of the litigation. Doesn't that make sense? I don't think so. I think a defendant is a defendant. Under California law, under the California statute, a cross-defendant is a different type of party. It has characteristics, obviously, that are similar to a defendant, but it is a different type of party. And if you go down that line, then suddenly it becomes a creature of different state laws to define what different entities are, and then that defeats one of the overriding purposes of the removal jurisdiction. One of the things that CAFA was designed to do, of course, was to somewhat limit the gamesmanship or gamespersonship these days, I suppose you'd say, that occurs in class actions. In this particular case, do you believe that if we construe the statute in the way that you advocate, that that would bring about more or less gaming than what your opponent suggests? I don't think it would have any effect on it because Mr. Contreras didn't choose to be sued to begin with. I understand. So I don't think it would have any effect at all with regard to forum shopping one way or the other. Does it make any difference that it seems like a lot of these cases, particularly Pacific Collections and so on, all deal with debt collection actions. I think most of them are student situations. Should that bear in any way on our analysis, the way these things have been dealt with, where you can kind of set up a series of sub or I don't want to call them shams, call it alter ego or shell entities to file state actions and then the rest of it goes on in the federal court? I think there's a reason why we see that. I'm not sure it should inform the court's analysis on this issue. And I am happy to go through all of my arguments. I'm not sure I need to. Certainly, I do want to make one point, though. With regard to Progressive West, this court's decision in Progressive West, to rule in favor of defendants, it really would be inconsistent with Progressive West because any defendant would have to mean any defendant, including an original plaintiff who was cross-complained against. And although Progressive West, when you read the decision, it appears to be dicta, it is certainly well-reasoned dicta. And if you look at other cases that describe Progressive West, including the Ninth Circuit's decision in McAtee versus Capital One, that decision actually describes that dicta as a holding. So I'm not sure if that makes it into a holding, but it certainly strengthens it. And so I don't think this court here could rule in favor of defendants without essentially overturning what's been described as a holding in McAtee. Okay. And I have nothing more, Your Honor. Okay. Thank you. Thank you. Mr. King, do you have any response? You've saved some time. Okay. Well, just a few brief points. To address his question about state laws, this is an issue of federal law. Removal is certainly governed by the federal statutes, so I don't think that we need to worry about inconsistent characterizations in state law. Our defendants were actually described by them as defendants, which would certainly support our ability to remove. And then later it was kind of amended to mean cross-defendants. But whatever is the case, we were the first defendants to the class action. So we think that answers that issue. In terms of your question on gaming the system, whatever the terminology was from the legislative history, I think that it said we don't want them to game the system or something like that. I think you can see that. And I don't mean any disrespect to Mr. Blood, but you can see that in this case. The whole reason that this case exists is because we had an arbitration that the plaintiff in this case was a putative class member, and the arbitrator found that this can't be under the FAA. This can't be a class action. And so in response to that, we didn't get an appeal under the very narrow vacated grounds under the FAA. We got all these class actions all over the country, in Texas, in Wisconsin, in Colorado. And here in California. And this is the only one that we've had trouble removing under this issue with respect to CAFA. It's because this case preexisted it. And what ended up happening is the plaintiff's lawyer from the class action, who's not here today, kind of joined in and kind of embodied this case and turned it into something much different. And you can envision scenarios where people can find these friendly, what they call magnet jurisdictions, and have someone sue them over a modest amount and then be able to come in and bring the class action and avoid the federal court. So it would take a little more cleverness to address the issue or to game the system. But it still exists. It's still a threat. And CAFA wasn't just concerned about the gamesmanship. It was concerned about having big national cases stuck in state court. And this is indisputably a big national case. There are potentially hundreds of millions of dollars, and all of my clients are not California residents. And I think I've addressed the progressive west distinction, the distinction between a plaintiff and a counter-defendant. And I think that that is important. I don't think you have to go so far as to say Shamrock doesn't apply anymore because Shamrock is about a plaintiff becoming a defendant, and we were never a plaintiff. So with that, I'm very pleased to be here. This is a beautiful courtroom, and it's been a thrill for me. Thank you. We thank counsel for the argument. And Westwood Apex v. Conference is submitted. That concludes the oral argument calendar for today. The court is adjourned until tomorrow. All rise. This court for this session is adjourned.
judges: Dawson, Bybee, Smith M.